UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANTHONY WILLIS,

              Plaintiff,                       Case Number 05-10072-BC
                                                     Honorable David M. Lawson

v.

COMMISSIONER OF SOCIAL SECURITY,

              Defendant.
_____/

**OPINION AND ORDER ADOPTING IN PART MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT TO AFFIRM THE DECISION OF THE COMMISSIONER**

The plaintiff filed the present action on March 4, 2005, seeking review of the Commissioner's decision denying the plaintiff's claim for a period of disability and disability insurance benefits under Title II of the Social Security Act. The case was referred to United States Magistrate Judge Charles E. Binder pursuant to 28 U.S.C. § 636(b)(1)(B) and E.D. Mich. LR 72.1(b)(3). Thereafter, the plaintiff filed a motion for summary judgment to reverse the decision of the Commissioner and award him benefits or in the alternative remand the matter for further proceedings. The defendant filed a motion for summary judgment requesting affirmance of the Commissioner's decision. Magistrate Judge Binder filed a report and recommendation on February 3, 2006, recommending that the plaintiff's motion for summary judgment be denied, the defendant's motion for summary judgment be granted, and the findings of the Commissioner be affirmed. The parties filed timely objections to the recommendation, the defendant responded to the plaintiff's objections, and this matter is now before the Court.

The Court has reviewed the file, the report and recommendation, and the parties' objections, and has made a *de novo* review of the administrative record in light of the parties' submissions. The plaintiff makes three objections to the magistrate judge's report, two of which challenge the qualifications of reviewing physicians. The plaintiff believes that the opinion of Ann Kennedy, Ph.D., a licensed psychologist, cannot be trusted because she has no experience treating individuals with the combination of closed head injuries and psychological problems. The plaintiff believes that the opinion of Dr. Arthur Lober, M.D., an orthopedic consultant, similarly must be disregarded because that specialist testified outside his area of expertise when he commented on the plaintiff's cognitive abilities. The plaintiff's third objection is that further factual development of his case at the administrative level is necessary because the Commissioner's decision to deny benefits was unsupported by substantial evidence. These arguments were presented in the plaintiff's motion for summary judgment.

The defendant also has taken issue with one aspect of the magistrate judge's report: she objects to the magistrate judge's determination that the Commissioner's findings that the plaintiff retained the capacity to perform "a full range of medium work" was not supported by substantial evidence. According to the defendant, the Administrative Law Judge (ALJ) did not make such a conclusion. Rather, the ALJ reasoned that the plaintiff could perform medium work, but with no frequent overhead use or reaching, pushing, or pulling with his left upper extremity. The defendant further suggests that the magistrate judge's implication that substantial evidence did not support the ALJ's finding that the plaintiff could perform the standing, walking, endurance, or lifting of medium work is incorrect. The defendant speculates that because Dr. Lorber is a qualified expert familiar with this case, he must know the definition of medium work, and therefore he must have taken the

standing and walking requirements into account when he testified that the plaintiff could perform medium work in all relevant aspects. The defendant requests that the Commissioner's findings regarding residual functional capacity be affirmed.

The plaintiff, Anthony Willis, presently fifty years old, applied for a period of disability and disability insurance benefits on March 7, 2001 when he was forty-five years old. Over the past nineteen years, he had worked as a quality control inspector in a transmission factory, a customer service agent at a paint factory, a shipping and receiving clerk for a distribution center, and a supervisor and laborer in an automotive paint factory. The plaintiff completed high school and received one year of training in industrial drafting and industrial electronics.

The plaintiff last worked on a full-time basis on May 5, 2000, the date he alleges he became disabled as a result of work-place injury. The plaintiff sustained an injury when a stack of fifty-five gallon drums fell on him, rendering him unconscious. Since the accident, the plaintiff has complained of a torn rotator cuff, frequent headaches, and memory loss. In the years following the injury, the plaintiff has worked for cash and part-time. He earned $2,921 in 2002 and $10,331 in 2003. The ALJ noted that part-time work could amount to substantial gainful activity under certain circumstances but concluded that the earnings amount and unclear nature of that work were insufficient to preclude further analysis of the plaintiff's claim.

In his application for disability insurance benefits, the plaintiff alleged that he was unable to work due to headaches and back, neck, and shoulder pain. On September 12, 2003, the plaintiff, then forty-eight years old, appeared before ALJ James R. Norris, who filed a decision on July 29, 2004 in which he found that the plaintiff was not disabled. The ALJ reached that conclusion by applying the five-step sequential analysis prescribed by the Secretary in 20 C.F.R. § 404.1520. The

ALJ concluded that the plaintiff had not engaged in substantial gainful activity since May 5, 2000, despite his part-time employment, because the exact nature of the work was unclear in the record. (step one); the plaintiff suffered from substantial impairments consisting of a left rotator cuff tear with degenerative joint disease of the left shoulder, a mild cognitive disorder, depression, and anxiety, which are "severe" within the meaning of the Social Security Act (step two); the plaintiff did not have an impairment or combination of impairments that met or equaled a listing in the regulations (step three); and the plaintiff could not perform his previous work, which the ALJ characterized as semi-skilled and variously requiring medium to heavy exertion (step four).

In applying the fifth step, the ALJ concluded that the plaintiff had the residual functional capacity to perform a range of medium work. The plaintiff could occasionally lift or carry twenty-five pounds; stand and/or walk with normal breaks for a total of about six hours in an eight-hour workday; sit with normal breaks for the same time period; perform duties that required no frequent overhead use or reaching, pushing, or pulling with his left arm; and work at a job that did not involve executive-type tasks. Relying on the testimony of a vocational expert, the ALJ found that there were a significant number of jobs in the national economy that fit within these limitations including general assembly and inspector positions. Based on that finding and using the Medical Vocational Guidelines found at 20 C.F.R. Pt. 404, Subpt. P, App. 2 § 203.29 as a framework, the ALJ concluded that the plaintiff was not disabled within the meaning of the Social Security Act. Following the decision by the ALJ, the plaintiff appealed to the Appeals Council, which denied the plaintiff's request for review on January 3, 2005.

Turning first to the defendant's objections, the Court reads the ALJ's decision somewhat differently than did the magistrate judge. The ALJ states in his findings that "[t[he claimant's non-

exertional limitations prevent the claimant from performing the full range of medium work." Tr. at 27. The ALJ took into account the plaintiff's left shoulder and arm restrictions when he described his residual functional capacity that excluded "frequent overhead use or reaching or pushing or pulling with the left (non-dominant) arm." Tr. at 24. In addition, in July 2000, the plaintiff's treating physician, Dr. Joseph Walkiewicz, released the plaintiff to return to work with only a lifting restriction and no limitation on sitting or walking. There is evidence in the record, therefore, that lends substantial support for the ALJ's residual functional capacity finding of a range of medium work.

The plaintiff objects to consideration of the opinions of Drs. Kennedy and Lorber. The objection to Dr. Lorber's comment can be dispatched easily. He merely commented on the fact that there is a correlation between a loss of consciousness and traumatic brain injury. His area of expertise is orthopedic medicine, and it appears that he gave an opinion beyond the scope of his field. However, his opinion in this area was not controlling; there were several other mental health professionals who furnished opinions. Nor does it appear that the ALJ gave any weight to this aspect of Dr. Lorber's testimony. If there was error in permitting Dr. Lorber to offer his comment, the error was harmless.

It appears that Dr. Kennedy's main contribution was to provide an opinion that none of the plaintiff's mental deficits met or equaled a listing in the regulations. The plaintiff does not dispute that finding. Dr. Kennedy offered other opinions, but those comments on the extent of the plaintiff's mental impairments were confined to her observations of the records of other neuropsychologists who administered various batteries of psychological and functional tests. Neither Dr. Kennedy's lack of experience nor her rather confused and disjointed testimony undermined the substantiality

of the evidence in the record from the other mental health professionals, whose evidence was well summarized by the magistrate judge.

Finally, the Court concludes that substantial evidence supported the ALJ's no-disability finding. It is a fundamental principle that the plaintiff bears the burden of proving entitlement to benefits under Title II of the Social Security Act, which means that the plaintiff must establish that he suffers from a disability, as that term is defined in the Act. *See Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). "Disability" means:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A). A claimant suffers from a disability "only if his physical or mental . . . impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A). The concept of disability, then, relates to functional limitations. Although these functional limitations must, of course, be caused by a physical or mental impairment, in the end, "[i]t is an assessment of what [the claimant] can and cannot do, not what she does and does not suffer from." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002) (referring to assessment of residual functional capacity).

The Court's task in reviewing a Social Security disability determination is a limited one. The ALJ's findings are conclusive if they are supported by substantial evidence, according to 42 U.S.C. § 405(g). Consequently, the Court's review is confined to determining whether the correct legal standard was applied, and whether the findings are supported by substantial evidence on the whole

record. *See Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003). "'Substantial evidence' means 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Kirk v. Sec. of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). This Court may not base its decision on a single piece of evidence and disregard other pertinent evidence when evaluating whether substantial evidence exists in the record. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). Thus, where the Commissioner's decision is supported by substantial evidence, it must be upheld even if the record might support a contrary conclusion. *Smith v. Sec. of Health & Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989). The Sixth Circuit has stated that the role of the Court "is not to resolve conflicting evidence in the record or to examine the credibility of the claimant's testimony." *Wright*, 321 F.3d at 614. Therefore, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

The plaintiff's claim that substantial evidence fails to support the ALJ's decision is not well supported. It amounts primarily to his arguments that the expert witnesses were not qualified or testified outside of their fields of expertise. However, the plaintiff fails to discuss or diminish the wealth of other evidence in the record, summarized by the magistrate judge, that supports the ALJ's decision. The Court agrees with the magistrate judge that substantial evidence in the record supports the ALJ's conclusion that the plaintiff was not disabled within the meaning of the Social Security Act.

After a *de novo* review of the entire record and the materials submitted by the parties, the Court concludes that the magistrate judge properly reviewed the administrative record and applied

the correct law in reaching his conclusion. The Court does not accept the suggestion that the ALJ erred in his assessment of the plaintiff's residual functional capacity, but the Court agrees with the conclusion that substantial evidence supports the ALJ's determination that the plaintiff is capable of performing gainful activity.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt # 17] is **ADOPTED IN PART.**

It is further **ORDERED** that the plaintiff's motion for summary judgment [dkt # 12] is **DENIED.**

It is further **ORDERED** that the defendant's motion for summary judgment [dkt # 15] is **GRANTED**. The findings of the Commissioner are **AFFIRMED,** and the complaint is **DISMISSED** with prejudice.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: July 27, 2006

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 27, 2006.

s/Tracy A. Jacobs  
TRACY A. JACOBS